```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

KELLY JOE PORTER              )
                              )
        Plaintiff             )
                              )
v.                            ) Civil Action No.08-0483(RBW)
                              )
THE UNITED STATES OF AMERICA  )
                              )
        Defendant.            )
_____)
```

## ANSWER

### FIRST DEFENSE

The complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's negligence and/or failure to maintain proper care under the circumstances caused or contributed to the loss of plaintiff's dog.

### THIRD DEFENSE

Plaintiff's claims are barred under the doctrine of assumption of the risk.

### FOURTH DEFENSE

Plaintiff alleges negligent conduct on the part of persons over whom the federal defendant has no control.

### FIFTH DEFENSE

Plaintiff failed to exhaust his administrative remedies as to all claims in the complaint.

**<u>SIXTH DEFENSE</u>**

Defendant responds to the numbered paragraphs of the Complaint as follows:

1. Denied.

2. The first sentence of paragraph 2 is denied as to all plaintiff's claims. The federal defendant admits the remaining allegations contained in paragraph 2.

3. Admitted, except for plaintiff's conversion claim.

4. The defendant admits venue is appropriate, but denies any implication of liability contained in this paragraph.

5. The allegations in paragraph 5 are plaintiff's characterization of this action, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admitted.

7. Admitted.

8. The defendant admits that late in the afternoon of September 11, 2006, plaintiff and his dog were in Dupont Circle Park and that plaintiff and his dog had been observed in the park on other occasions. The defendant admits that it is a public park in downtown Washington, D.C. All other allegations are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. The defendant admits that Officer Asmussen shot plaintiff's dog in the left shoulder during rush hour. Any implication of improper actions by Officer Asmussen is denied.

17. The defendant denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Paragraph 18 is plaintiff's characterization of the events to which no response is required. To the extent an answer is deemed required it is denied, except to admit that the dog fell to the ground and expired shortly thereafter.

19. The defendant denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to the truth, except to deny that plaintiff was ever in danger.

20. Admitted.

21. This paragraph is a characterization of the events to which no response is required. To the extent an answer is required, they are denied.

22. Denied.

23. This paragraph is a characterization of the events to which no response is required. To the extent a response is deemed required, the allegations are denied.

24. Denied.

25. This paragraph is a characterization of the events to which no response is required. To the extent a response is deemed required, the allegations are denied.

26. Denied.

27. Admitted.

28. The allegations of this paragraph are plaintiff's characterization of his suit to which no response is required. To the extent a response is deemed required, the allegations are denied, except to admit that the dog did not expire immediately and that the veterinary assistant did not arrive immediately.

29. The allegations of this paragraph are plaintiff's characterization of his feelings to which no response is required. To the extent a response is deemed required, the allegations are denied.

30. The defendant admits Precious expired. The remaining allegations of paragraph 30 are denied.

31. The defendant admits that Dr. Holley Chew from DuPont Veterinary Clinic arrived on the scene. The defendant denies the remaining allegations contained in paragraph 31 for lack

4

of knowledge or information sufficient to form a belief as to their truth.

    32.   Denied.

    33.   The defendant admits Precious expired.  The remaining allegations are denied for lack of sufficient information to form a belief as to their truth or falsity.

    34.   The defendant denies the allegations contained in paragraph 34 for lack of knowledge or information sufficient to form a belief as to their truth.

    35.   Denied.

    36.   Denied.

    37.   Denied.

    38.   Denied.

    39.   The defendant denies the allegations contained in paragraph 39 for lack of present knowledge or information sufficient to form a belief as to their truth.

    40.   Admitted on information and belief.

    41.   Denied.

    42.   Denied.

    43.   Denied.

    44.   Denied.

    45.   Denied.

    46.   Denied.

    47.   Denied.

48. Denied.

49. The defendant denies the allegations contained in paragraph 49 for lack of present knowledge or information sufficient to form a belief as to their truth.

50. The defendant denies the allegations contained in paragraph 50 for present lack of knowledge or information sufficient to form a belief as to their truth. The defendant avers that Precious' behavior on the day in question was not as described in this paragraph.

51. Denied.

52. Denied.

53. The defendant incorporates by reference herein its responses to paragraphs 1-52.

54. Denied.

55. Denied.

56. The allegations contained in paragraph 56 contain conclusions of law to which no answer is required; to the extent an answer is deemed required, they are denied.

57. Denied.

58. Denied. An administrative claim was presented on May 2, 2007 and denied on November 1, 2007, but a claim for conversion was not presented.

59. The defendant incorporates by reference herein its responses to paragraphs 1-58.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Admitted.

66. The defendant incorporates by reference herein its responses to paragraphs 1-65.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted.

72. The defendant incorporates by reference herein its responses to paragraphs 1-72.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Admitted.

79. The defendant incorporates by reference herein its responses to paragraphs 1-78.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Admitted.

86. The allegations contained in paragraphs 86-89 constitute plaintiff's prayer for relief.  The defendant denies that the plaintiff is entitled to the relief requested or to any relief whatsoever.

WHEREFORE, defendant respectfully requests that plaintiff's complaint be dismissed, at plaintiff's cost, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

__/s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

__/s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_____
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
CHARLES B. WALLACE, Esq.
U.S. Department of the Interior
Office of the Solicitor

9